FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 06 2003

*[signature]*
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSEPH ERNEST HERRERA,

    Plaintiff,

v.

No. CIV-03-1117 BB/RLP

JOE WILLIAMS, Secretary of Corrections,
ELMER BUSTOS, Adult Director of Prisons,
TIM LEMASTERS, Warden,
PHILLIP MARES, A.W.,
DONALD DORSEY, Prison Administrator,
ANGIE DOSS, Investigations,
Unit Manager JAMES LOPEZ,
Sarg. ARRON VIGIL,
Sarg. VINCE VIGIL,
Sarg MIKE VIGIL,
Sarg. ADINO CASTILLO,
C.O. ENRIQUE FERNANDEZ,
C.O. MAX ORTEGA,
Medical SANDRA PENN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington*

*v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was brutally assaulted by eight corrections officers and no one attempted to prevent the assault. Defendant Penn allegedly denied medical treatment for Plaintiff's injuries. These allegations state claims for violation of Plaintiff's rights under the Eighth Amendment. Plaintiff alleges he has exhausted administrative remedies, to no avail. The complaint seeks damages and equitable relief.

Plaintiff's claims arising from the assault are barred by the applicable statute of limitations. The alleged assault occurred on August 24, 2000. It appears Plaintiff signed the complaint on July 25, 2003, but did not mail it to the Court until September 10, 2003, apparently with an incorrect address. The complaint was received and filed on September 22, 2003. The period of limitation for a § 1983 action is the state's personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985), and the limitation on personal injury actions in New Mexico is three years. N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). Because the alleged assault and injuries occurred more than three years before the complaint was mailed or filed, *see Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (§ 1983 claim accrues when plaintiff knows or has reason to know of injury), these claims are barred and will be dismissed.

IT IS THEREFORE ORDERED that, with the exception of the Eighth Amendment claim against Defendant Penn arising from the alleged denial of medical treatment, Plaintiff's claims are DISMISSED with prejudice; all Defendants except Defendant Penn are DISMISSED as parties to this action; and the Clerk is directed to issue summons, with a copy of the complaint and notice and waiver forms, for Defendant Penn on Plaintiff's claim of denial of medical treatment.

_____
UNITED STATES DISTRICT JUDGE

2