IN THE UNITED STATES DISTRICT COURT FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO DISTRICT OF NEW MEXICO

JOSEPH HERRERA,                                    04 AUG 11 AM 10: 44

        Plaintiff,                                  CLERK-ALBUQUERQUE

v.                                                 Civ. No. 03-1117 BB/RLP

JOE WILLIAMS, et al.,

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

1.      This is a proceeding brought pursuant to 42 U.S.C. § 1983. Plaintiff is
currently incarcerated in the penitentiary at Santa Fe, New Mexico. His initial complaint
included allegations against many individuals. The district court issued its Memorandum
Opinion and Order [Doc. 8] dismissing all of Plaintiff's claims except the Eighth Amendment
allegations against Dr. Sandra Penn.

2.      Defendant has moved for Judgment on the Pleadings [Doc. 25] arguing that
Plaintiff has failed to exhaust his remedies as required by the Prison Litigation Reform Act,
42 U.S.C. § 1997e ("PLRA").

3.      In his complaint, Plaintiff argued that Defendant Dr. Penn was indifferent his
serious medical needs. Complaint at 30-33. Plaintiff provided no facts, but did state he

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's
Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party
may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District
Court to the Proposed Findings. A party must file any objections within the ten-day period
allowed if that party wants to have appellate review of the Proposed Findings. If no
objections are filed, no appellate review will be allowed.

37

had filed numerous grievances. *Id.* at 33. Plaintiff attached his medical records to the Complaint. He also attached a "Correctional Medical Services Health Service Request Form" (page number 99), which indicates he wanted medical treatment on both knees; a request to Dr. Penn (page number 102), which indicates he requested a special diet; another handwritten request for medical care (for his knees, constipation, Hepatitis C, and headaches (page number 107); and a follow up note for a knee brace (page number 108).

4.      Also attached as exhibits are several grievance forms.  Two of these grievances concern Dr. Penn.  The first (which is not numbered, but located between pages 114 and 115 of the Exhibits) states that he requested medication for his Hepatitis C, but received medication for ulcers.  He states she refuses to treat the Hepatitis C.  This grievance was denied because it was his second grievance on the same issue.

5.      The second grievance, page 124, again states that Dr. Penn refuses to treat his Hepatitis C.  The grievance was denied with the following statement:  "Currently there is no treatment for Hepatitis that has been approved by the department.  You are being seen and treated by the medical department for your multiple needs.  Your grievance lacks merit and is denied."  (Form, page 123).

6.      Plaintiff filed a responses to Defendant's Motion for Judgment on the Pleadings and requested further time so that he can show the court he filed several grievances against Dr. Penn for her failure to treat his knee problems.  [Doc. No. 30] The court issued its order allowing him until August 16, 2004 to submit the documents.

7.      On August 2, 2004 Plaintiff filed a Motion to Dismiss [Doc. 33], stating he had reached a settlement with Dr. Penn's attorney.  On August 5, 2004 he filed an "Emergency

2

Motion," which the court construes as a motion to withdraw the motion to dismiss. [Doc. 34]. Attached to this Motion is a grievance form against Dr. Penn for failure to treat his knees. The grievance is dated May 17, 2004, eight months after the lawsuit was filed.

8.       On August 9, 2004 Plaintiff filed his Response to Court Order [Doc. 35], which attaches grievance forms dated in June, 2004, nine months after the lawsuit was filed.[2] The PLRA "requires that 'available' administrative remedies be exhausted *prior* to filing an action with respect to prison conditions under § 1983." *Jernigan v. Stuchell*, 304 F.3d 1030, 1031 (10th Cir. 2002) (emphasis added). Assuming, *arguendo*, that Plaintiff has stated a valid Eighth Amendment claim, he has failed to exhaust his administrative remedies.

## RECOMMENDED DISPOSITION

Defendant's Motion to Compel [Doc. 25], which states the Plaintiff failed to serve all documents on Dr. Penn is denied as moot.  Plaintiff's Motions for Jury Trials [Doc. 21 & Doc. 26] are denied as moot.  Plaintiff's Motion to Withdraw Motion to Dismiss [Doc. 34] is granted.  Defendant's Motion for Judgment on the Pleadings [Doc. 23] is granted.  The court recommends that the case be dismissed.

Richard L. Puglisi
United States Magistrate Judge

---

[2] The court notes that attached to Plaintiff's Reply [Doc. 30] to Dr. Penn's Motion for Judgment on the Pleadings is a "Medical Department Response," dated June 17, 2004, which indicates Plaintiff was having trouble with his knee brace.  The Health Services Administrator states that he took the knee brace for repair.  The knee brace appears to have been the source of Plaintiff's knee problems.